# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-552V
Filed: August 31, 2017
UNPUBLISHED

| | |
|---|---|
| J.B., a minor, by and through her parent and natural guardian, DEREK BAILEY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Justine Elizabeth Walters, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On May 6, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that J.B. suffered left shoulder injuries as the result of her July 2, 2015 meningococcal and tetanus-diphtheria-acellular pertussis (Tdap) vaccinations. On March 30, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation. (ECF No. 26.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 29, 2017, petitioner filed an application for attorneys' fees and costs. (ECF No. 31.)   Petitioner requests attorneys' fees in the amount of $13,216.50 and attorneys' costs in the amount of $550.21.  (*Id.* at 2.)  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  Thus, the total amount requested is $13,766.71.

On July 7, 2017, respondent filed a response stating respondent has no objection to petitioner's motion.  (ECF No. 32.)  Respondent cautions, however, that his lack of objection "should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $13,766.71[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Maximillian J. Muller.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.